JON M. SANDS
Federal Public Defender
District of Arizona
2285 S. 4th Avenue, Suite 2E
Yuma, Arizona 85365
Telephone: 928-314-1780

BRENDA A. SANDOVAL,
AZ. State Bar #022933
Asst. Federal Public Defender
Attorney for Defendant
Brenda_Sandova@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jose Pablo Cortez,<br>Defendant | No. CR24-02062-PHX-MTL<br><br>DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT |

Defendant, Jose Pablo Cortez, by and through undersigned counsel, objects to paragraph 12 and sentences three and four of The Justification Section of the Presentence Investigation Report "PSIR," which state that "[his] cellphone revealed communication with individuals in Mexico regarding firearms and in the Philippines or with foreign countries regarding 'shipments' " to draw erroneous an inference that Mr. Cortez was trafficking firearms. (See PSIR ¶ 12 and The Justification Section, pg. 14). The above-mentioned allegations are based on information that is untested by cross examination and lack any indicia of reliability. As such, the above-mentioned statements and inferences violate Mr. Cortez' due process right to not be sentenced based on materially incorrect information. Therefore, Paragraph 12 and references to communication with individuals in foreign countries regarding firearms and shipments contained in the Justification Section or any other part of the PSIR cannot be considered when determining a sentence

in Mr. Cortez' case. The attached Memorandum of Points and Authorities support this request.

RESPECTFULLY SUBMITTED: December 30, 2025.

JON M. SANDS
Federal Public Defender

*s/Brenda A. Sandoval*
Brenda A. Sandoval
Asst. Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTUAL BACKGROUND:**

Mr. Cortez, now a 36-year-old man was born in El Centro, California to a tight knit family. (See Presentence Investigation Report, "PSIR" page 3 and ¶ 36 and Exhibit 1). While he is a United States Citizen, his family is originally from Mexico. His brother, nieces, and nephews still live in there. Due to his significant familial ties there, Mr. Cortez frequently traveled to Mexico.

In early March of 2021, Mr. Cortez, his wife, and their children relocated to Japan when he was deployed while serving our country. At the time, he was a Staff Sergeant assigned to the explosives ordinance disposal unit with United States Marine Air Corps Station ("MCAS") in Yuma, Arizona. During his service to our country, he was honored with medals and campaign ribbons including joint service achievement; Navy and Marine Corps achievement, Navy meritorious unit commendation, Marine Corps good conduct, national defense service, inherent resolve campaign, global war of terrorism, global war on terrorism, and Korea defense-sea service deployment. (See PSIR ¶ 51). While serving in Japan, Mr. Cortez was deployed to the Philippines for a year and then returned to Japan to complete his deployment.

While serving overseas, Mr. Cortez often craved connection with his family in Mexico, who he is extremely close with. To alleviate grief caused by being apart from his loved ones, he often communicated with them via phone calls and text messages. Some of these phone calls and text messages were delivered from wherever Mr. Cortez was deployed including the Philippines. (See PSIR ¶ 36).

In February of 2024, Mr. Cortez successfully completed his deployment in Japan. Shortly thereafter, he and his family moved in with his in laws in Calexico, California. (See PSIR ¶ 51). He also continued his service at MCAS in Yuma, Arizona. Although he did not live at the MCAS Barracks, he failed to update his address on his driver's license.

(See PSIR ¶¶ 9, and 15). At the time, Mr. Cortez, a gun enthusiast purchased firearms only for sporting purposes. Unfortunately, he completed ATF Form 4473 only noting the address listed on his driver's license, which was his previous residential address prior to this deployment and not his actual address of residence in Calexico, California at the time.

On December 16, 2024, he was arrested by the military law enforcement for traveling to Mexico without permission. (See PSIR ¶ 11). He was held in military custody until his administrative discharge. *Id*. Despite being discharged other than honorable, Mr. Cortez was not dishonorably discharged. (See PSIR ¶ 51). Additionally, on December 17, 2024, he was charged with making false statements during purchase of firearms because he failed to list his actual residential address in ATF Form 4473.

A draft PSIR was filed in this matter on July 17, 2025. The PSIR correctly calculates a base offense level of 12. A four-level enhancement pursuant to USSG §2K2.1(a)(7) was applied since the offense involves 13 firearms. Mr. Cortez is also eligible for a three-level downward adjustment pursuant to USSG § 3E1.1(b) for acceptance of responsibility.

Additionally, paragraph 12 and sentences three and four of The Justification Section of the Presentence Investigation Report "PSIR," state that "[his] cellphone revealed communication with individuals in Mexico regarding firearms and in the Philippines or with foreign countries regarding 'shipments'" to offer that Mr. Cortez was trafficking firearms. (See PSIR ¶ 12 and The Justification Section, pg. 14). The Justification further states that "while it could not be proven he was trafficking firearms; his actions were highly suspicious." (PSIR, The Justification Section, pg. 14). The above-mentioned allegations are based on mere speculation and conjecture. As such, they lack any indicia of reliability. Therefore, the defense objects to giving any weight to the above-mentioned statements when determining a sentence in Mr. Cortez' case.

**LAW:**

Mr. Cortez has a due process right to be sentenced based only on materially correct information. Because Paragraph 12 and statements contained in sentences three and four of the Justification Section pg. 14 of the PSIR lack any indicia of reliability and erroneously infer that he was trafficking the firearms, such information cannot be considered for sentencing purposes.

In making factual determinations, a sentencing judge is generally not restricted to evidence that would be admissible at trial. *United States v Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000); *United States v. Hopper*, 27 F.3d 378, 382 (9th Cir. 1994). However, "inadmissible evidence cannot be considered [at sentencing] if it lacks sufficient indicia of reliability to support its probable accuracy." *United States v Egge*, 223 F.3d at 1132; *See also United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993).

Although the Confrontation Clause does not apply at sentencing, a defendant clearly has a due process right to not be sentenced on the basis of materially incorrect information. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009); *See also United States v Egge*, 223 F.3d at 1132; *United States v. Petty*, 982 F.2d at 1369. Due process requires that some minimal indicia of reliability accompany a hearsay statement. *Id.* at 935-936; *United States v Egge* at 1132; *See also United States v. Petty*, at 1369.

Here, the record reveals that Mr. Cortez was very close to his family including his who lives in Mexico. He is a Decorated Veteran, who served our country overseas including in the Philippines. The communications found on his cellphone only reveal that he was communicating with his loved ones in Mexico about the experiences his experiences living and working overseas.

The statements that "[his] cellphone revealed communication with individuals in Mexico regarding firearms and in the Philippines or with foreign countries regarding 'shipments' " to draw an inference that he was trafficking the firearms are pure speculation and conjecture. None of these statements have been tested by cross-

examination nor are they based on any reliable evidence or information. The PSIR merely regurgitates highly speculatory and inflammatory statements to erroneously infer that Mr. Cortez was trafficking the firearms. Notably, the PSIR itself admits that "it could not be proven he was trafficking." Clearly, the above-mentioned statements hearsay which lack any indicia of reliability.

**CONCLUSION:**

There is no evidence or information that Mr. Cortez was smuggling any firearms. Moreover, paragraph 12 and sentences three and four of The Justification Section of the PSIR are not based on any reliable evidence or information. Because Mr. Cortez has a due process right not to be sentenced to materially incorrect information, this objection should be sustained.

RESPECTFULLY SUBMITTED this 30th day of December, 2025.

JON M. SANDS
Federal Public Defender
*s/Brenda A. Sandoval*
Brenda A. Sandoval
Asst. Federal Public Defender